SAMUEL, Judge.
Plaintiff, Mrs. Cecelia Beach, slipped and fell while shopping in one of the defendant’s grocery stores located on Metair-ie Road in Jefferson Parish. As a result of the fall, she sustained injuries to her left knee. She and her husband filed suit against the defendant, and after trial on the merits judgment was rendered in their favor for $2,144.50, The defendant has appealed from that judgment. Plaintiffs have not appealed nor have they answered defendant’s appeal.
On April 3, 1969, the Thursday before Easter, at some time between 4 and 4:30 p. m., Mrs. Beach walked in the direction of defendant’s meat counter in order to purchase a ham. When she reached a spot approximately 2 feet from the counter, her left foot slipped on a clear greasy substance on the floor of the store. Then 51 years of age, she was wearing flat sandals without heels. She was able to prevent herself from falling completely to the floor by holding onto the counter, but the medical evidence indicates she nevertheless injured her left knee.
She was supported by another patron of the store and by the store manager, Oscar Taquino, until a box could be obtained for her to sit on. While Mrs. Beach was waiting for her husband to come to the store to assist her, Mrs. Taquino examined the *831 greasy substance on the floor and ordered it wiped up with a rag or mop.[1]
Since neither plaintiffs nor defendant questioned the amount of the lower court’s award, the only issue presented for our consideration is whether the trial court correctly held the defendant was guilty of negligence which proximately caused the fall.
Defendant’s manager testified that on the night before the accident the floors were mopped and waxed by a professional maintenance organization. He further testified store procedures required all aisles to be swept with a 3 foot wide push broom twice daily at approximately 11 a. m. and 3 p. m. The floors were mopped only at night, unless someone discovered a dangerous condition. No particular person was specifically assigned to inspect the aisles for safety, nor was anyone given the specific task of cleaning up a foreign substance. The only procedure established by the store was that each employee was directed to keep his area clean and take whatever steps were necessary to remove foreign substances when they observed them.
On the day of the accident in suit, the store manager could not establish that the floors had been swept nor could he state whose duty it was that day to perform the sweeping. The most he could establish was that the defendant’s policy was to conduct the sweeping of the aisles twice daily during business hours.
There is no dispute that Mrs. Beach slipped on the greasy substance, which was described as being of a size of approximately 1 by ¿4 inches. Plaintiff testified that when she observed the greasy substance after having slipped, she saw dust on it and it appeared to be dirty. Mr. Ta-quino testified to the contrary and expressed the opinion that the grease could not have been on the floor for more than 15 minutes. He was of the opinion that the oily substance consisted of ham fat which had melted and dripped from a ham on display or in a shopping cart. In addition, he insisted it could not have been on the floor for more than 15 minutes because there was still, on his examination, a raised area which had not been flattened representing a place where the grease actually struck the floor and piled up. This testimony was contradicted by previous statements made in deposition by Mr. Taquino which indicated the greasy spot had in fact flattened out at the time of his inspection, thereby indicating it was on the floor for a substantial period of time before the plaintiff slipped. Finally, it is important to note that Mr. Taquino readily agreed sweeping would not completely remove a greasy substance like the one in question and conceded that the proper procedure would be to remove such a substance with a cloth.
In Fontanille v. Winn Dixie,[2] we recognized the fact that the courts of this state are becoming increasingly aware of the duty owed by an owner or storekeeper to his customers in large self-service stores such as the store in suit. The court stated the proposition as follows:
“A storekeeper’s duty to its patrons is not lightly considered. This duty owed by storekeepers is an affirmative one in that he must take active measures to secure safe passageways consistent with the purposes of the store by inspection and cleanup procedures.”
The court in Fontanille further stated the storekeeper’s duty is “to exercise [reasonable care] in maintaining aisles and passageways in a reasonably safe condition, consistent with the purposes of the premises.”
In cases of this nature, the conclusion of the trial court is entitled to great weight, especially where questions of credibility and reconciliation of conflicting testimony is involved.[3] In the present case, *832 the trial court found as a matter of fact that the defendant established no definite and continuing inspection procedures in the defendant’s store on the day of the accident, that the greasy substance had been on the floor for a period considerably longer than IS minutes before the accident, that the partially liquid greasy substance could not be removed from the floor by sweeping, and that no one made regularly scheduled inspections of the store premises. From these facts it concluded plaintiffs had established the substance had been on the floor for a sufficient length of time for the defendant to have discovered it, and that the defendant would have made such a discovery if it had adopted and acted in accordance with a reasonable program of maintenance and inspection procedures.
From our review of the record as a whole, there appears to be no manifest error in the findings or conclusions of the trial court. We consequently affirm.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.

.The evidence is in conflict as to whether a rag or a mop was used to clean up the greasy spot.

. La.App., 260 So.2d 71.

. See Canter v. Koehring Co., La., 283 So.2d 716.